UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JHON VALLEJO,

    Plaintiff,

v.                                      CASE NO: 8:12-cv-2365-T-26TGW

AMPM CLEANING SOLUTIONS, LLC,
ANDREW CASTRO, and
SOUTHEAST CLEANING OF TAMPA, LLC,

    Defendants.
_____/

**O R D E R**

Upon due and careful consideration of the Plaintiff's submissions, it is ordered and adjudged that the opposed Motion to Reopen Case and for an Order to Determine Whether Settlement Agreement is Enforceable (Dkt. 23) is denied based on a lack of jurisdiction.[1]  The Court's reasoning for denying the motion is as follows.

On April 10, 2013, Plaintiff's counsel filed with this Court at docket 20 a notice of settlement pursuant to Local Rule 3.08(a).  That same day the Court entered an order at docket 21 pursuant to Local Rule 3.08(b) advising the parties "that this cause is hereby **DISMISSED** without prejudice and subject to the right of the parties, within sixty (60) days of the date of this order, to submit a stipulated form of final order or judgment should they so choose **or** to move to reopen the action, *upon good cause shown.*"  The Court also specifically alerted the parties to the fact that "[a[fter that 60-day period, however, dismissal shall be with prejudice."

---

[1] In light of this disposition of the motion, the Court needs no response from Defendants.

The record is clear that the parties never submitted "a stipulated form of final order or judgment" in which this Court reserved jurisdiction to enforce and interpret the terms and provisions of the parties' Settlement Agreement and General Release attached to the Plaintiff's motion as Exhibit A.  The record is also clear that more than sixty days has elapsed since the Court's order of dismissal, which clearly did not retain or reserve jurisdiction to enforce the terms and provisions of the parties' Settlement Agreement and General Release.  Consequently, this case now stands dismissed with prejudice and this Court now lacks jurisdiction to entertain the Plaintiff's motion.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994).  Furthermore, even if the parties' Settlement Agreement and General Release had provided for this Court to retain jurisdiction to enforce its terms and provisions (which it did not), the Court would still lack jurisdiction.  See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1279 (11th Cir. 2012) (stating that "[t]o retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough.") (citation omitted).[2]

**DONE AND ORDERED** at Tampa, Florida, on December 12, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2]  The Court has carefully considered the recent case of Dominguez v. Circle K Stores, Inc., No. 11-23196-Civ, 2013 WL 4773629 (S.D. Fla. Sept. 4, 2013), cited by the Plaintiff in support of the motion.  The Court, however, respectfully disagrees with its analysis.